CHARLES J. KING, JR., ESQUIRE
ATTORNEY I.D. #09438
P.O. Box 783
Plymouth Meeting, PA 19462-0783
(610) 825-0886                                                    Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**KING VISION PAY-PER-VIEW, LTD.**                **CIVIL ACTION**
501 FAIRWAY DRIVE
DEERFIELD BEACH, FL 33441

    **V.**

**LUCKY 13 TAVERN, INC., d/b/a**                  NO.: 02-CV-2989
**LUCKY 13 TAVERN**
1671 HAWORTH STREET
PHILADELPHIA, PA 19124
    **AND**
**CARMELLA KELLER, INDIVIDUALLY AND**
**D/B/A LUCKY 13 TAVERN, INC.**
1671 HAWORTH STREET
PHILADELPHIA, PA 19124

**ANSWER OF DEFENDANTS, LUCKY 13 TAVERN, INC., AND CARMELLA KELLER, INDIVIDUALLY, TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

    Paragraph 1 - 3 - Admitted.

    Paragraph 4 - Defendants are without knowledge as to the truth of this averment

and proof is demanded.

    Paragraph 5 - 7 - Admitted.

    Paragraph 8 - 15 - Defendants are without knowledge as to the truth of this

averment and proof is demanded.

    Paragraph 16 - Admitted.

    Paragraph 17 - Defendants are without knowledge as to the truth of this

averment and proof is demanded.

Paragraph 18 - Denied. It is specifically denied that the defendants willfully intercepted and/or received the interstate communications of the Event described in the plaintiff's complaint.

Paragraph 19 - Denied. It is specifically denied that the defendants assisted in the receipt of the interstate communication of the Event described in the complaint.

Paragraph 20 - Denied. It is specifically denied that the defendants transmitted, divulged or published any communication or assisted in transmitting, divulging, or publishing any communication as described in the complaint to patrons within the Lucky 13 Tavern.

Paragraph 21 - 26 - Denied. It is specifically denied that the defendants intercepted, received, or transmitted any communication described in the complaint.

## COUNT I

Paragraph 27 - No answer required.

Paragraph 28 - It is admitted only that the pertinent provisions of the Federal Communications Act of 1934 is quoted accurately.

Paragraph 29 - It is specifically denied that the defendants violated the Statute.

Paragraph 30 - It is admitted that provisions of the Statute are accurately quoted.

Paragraph 31 - Denied. Defendants have no knowledge of the facts averred in Paragraph 31 and proof is demanded.

Paragraph 32 - Denied. Defendants have no knowledge of the facts averred in Paragraph 32 and proof is demanded.

Paragraph 33 - Denied. Defendants have no knowledge of the facts averred in

Paragraph 33 and proof is demanded.

Paragraph 34 - Denied. Defendants have no knowledge of the facts averred in Paragraph 34 and proof is demanded.

Paragraph 35 - Denied. It is denied that the plaintiff is entitled to collect any damages from the defendants.

**WHEREFORE,** answering defendants respectfully request that plaintiff's complaint against them be dismissed.

## COUNT II

Paragraph 36 - No answer required.

Paragraph 37 - It is admitted only that the pertinent provisions of the Statute are accurately quoted.

Paragraph 38 - Denied. It is specifically denied that the defendants intercepted, received, or otherwise assisted in any unauthorized interception of the Event described in the plaintiff's complaint.

Paragraph 39 - Denied. It is specifically denied that the defendants engaged in any of the acts described in the plaintiff's complaint.

Paragraph 40 - Denied. It is specifically denied that defendants violated 47 U.S.C. Section 553.

Paragraph 41 - Denied. Defendants are without knowledge sufficient to form a belief as to the truth of the plaintiff's averments and proof is demanded.

Paragraph 42 - Denied. It is specifically denied that the defendants violated 47 U.S.C. Section553.

Paragraph 43 - Denied. It is specifically denied that the defendants violated the

law, or that they gained any unjust profits and undeserved goodwill.

Paragraph 44 - It is specifically denied that the defendants violated the 47 U.S.C. Section 553.

Paragraph 45 - It is specifically denied that the defendants unlawfully exhibited any closed circuit telecast on November 17, 2001.

Paragraph 46 - Denied.  Plaintiff has no knowledge of the averments contained in this paragraph of the plaintiff's complaint and proof is demanded.

**WHEREFORE,** answering defendants respectfully request that plaintiff's complaint against them be dismissed.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of unjust enrichment.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations and by other applicable limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands.

**WHEREFORE,** defendants request judgement in their favor and against the plaintiff for all costs, fees and other damages recoverable by law, in an amount to be determined by the Court.


Date:

    CHARLES J. KING, JR., ESQUIRE
    Attorney for the defendants
    Attorney I.D. No.: 09438
    P.O. Box 783
    Plymouth Meeting, PA 19462-0783
    (610) 825-0886