IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| King Vision Pay-Per-View, Ltd. | : | Civil Action |
| | : | |
| v. | : | |
| | : | |
| Lucky 13 Tavern, Inc., et al. | : | No. 02-2989 |

**SCHEDULING ORDER AND TRIAL PROCEDURE**

AND NOW, this         day of October, 2002, after a pretrial conference pursuant to Rule 16, Federal Rules of Civil Procedure, the prior Order is amended:

1. Discovery deadline:     10/31/02    .

   Pursuant to Rule 26(f), all parties appearing in this action are directed to confer concerning discovery if they have not already done so, but need not file a report with the Court. The discovery deadline means that, unless otherwise specified, all reasonably foreseeable fact and expert discovery must be served, noticed and completed by that date.  Discovery may take place thereafter only by agreement of the parties, so long as the trial will not be delayed and trial preparation will not unreasonably be disrupted; provided however, that the Court will not entertain Motions to Compel discovery after the deadline date for the failure to serve timely the discovery or file such Motion before the deadline (absent a showing of good cause).

2. Exchange of expert reports pursuant to Rule 26(a)(2).

   Plaintiff:     N/A    

   Defendant:     N/A    

3. Report, by letter, to the court re: settlement:    10/31/02    .

-1-

Without disclosing any specific settlement position, counsel shall advise the court whether settlement discussions have taken place, and when the court should schedule a settlement conference.

4. Deadline for dispositive motions:     N/A    .

The moving party may file a reply brief within seven (7) days after service of the brief in opposition, limited to fifteen (15) pages and limited to arguments in the opposition brief.

5. Pretrial Memoranda filed and served pursuant to Local Rule 16.1(c), and service of a copy of trial exhibits:

    Plaintiff:     11/8/02

    Defendant:     11/15/02    .

6. Date for trial or entry into trial pool:     12/2/02    .

7. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the adequacy of the qualifications and/or admissibility of testimony of an expert witness expected to testify; or (c) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection in their Pretrial Memorandum.  Each objection shall describe with particularity the ground for the objection.

8. If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel _prior to trial_ for such information.  If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the court prior to trial.

9. Because a witness may be unavailable at the time of trial as defined in Federal

Rule of Civil Procedure 32(a)(3), the court expects use of oral or videotape depositions at trial of <u>any</u> <u>witness</u> whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness <u>will</u> <u>not</u> <u>be</u> <u>a</u> <u>ground</u> <u>to</u> <u>delay</u> the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the court, prior to the commencement of the trial, a copy of the appropriate portions of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a court ruling is necessary along with a covering list of the objections with page and line numbers.

10. At least three days before a jury case is listed for trial or appears on the trial list, each party shall submit to the court (Chambers, Room 4001) two copies of (a) proposed jury voir dire questions, (b) proposed jury instructions with <u>pinpoint</u> citations of authority for each point (ONE POINT PER PAGE), (c) proposed jury interrogatories, (d) Motions *In Limine*, and (e) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court.

11. At least three days before a non-jury case is listed for trial or appears on the trial list, each party shall submit to the court (Chambers, Room 4001) two copies of (a) Proposed Findings of Fact and Conclusions of Law, (b) Motions *In Limine*, and (c) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court.

BY THE COURT:

_____
Michael M. Baylson, J.

O:\Scheduling Orders\King Vision v. Lucky 13 02-2989 - scheduling order.wpd