CHARLES J. KING, JR., ESQUIRE
ATTORNEY I.D. #09438
P.O. Box 783
Plymouth Meeting, PA 19462-0783
(610) 825-0886                                              Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**KING VISION PAY-PER-VIEW, LTD.**                    **CIVIL ACTION**

**V.**

**LUCKY 13 TAVERN, INC., d/b/a**                     **NO.: 02-CV-2989**
**LUCKY 13 TAVERN**
    **AND**
**CARMELLA KELLER, INDIVIDUALLY AND**
**D/B/A LUCKY 13 TAVERN, INC.**

### PLAINTIFF'S MOTION TO COMPEL
### DISCOVERY PURSUANT TO RULE 37

1. This motion is filed by the defendants, Carmella Keller and Lucky 13 Tavern, Inc..

2. On August 27, 2002 defendants served a Request for Production of Documents and Interrogatories under Rule 34 upon Counsel for the Defendants by First Class Mail. Plaintiff requested a response to its Request for Production of Documents within 30 days. On October 2, 2002 counsel participated in a scheduling conference with Your Honorable Court and discussed the need for plaintiff to respond to defendants' discovery requests and to produce plaintiff's witness, Michael Heeney, for deposition.

3. Plaintiffs' liability case is based entirely on the testimony of Michael Heeney. Defendants have denied liability.

4. Plaintiff's Request for Production of Documents requested the defendants to produce each of the following documents:

"1. All affidavits prepared by or for Michael Heeney according to his activities on November 17, 2001.
2. A list of all establishments visited by Michael Heeney on November 17, 2001.
3. All notes and memoranda, in any form, prepared by Michael Heeney or for Michael Heeney relating to his activities on November 17, 2001.
4. All production records of the Event that reflect the time that the Event, including all undercard and preliminary bouts, was broadcasted in Philadelphia.
5. Report of any expert you intend to call at trial.
6. All documents and things you intend to introduce in evidence at trial."
No response or objection to the requested discovery has been served.

5. Defendant's interrogatories were:

"1. Identify by name and address and telephone number all those persons you intend to call at the trial of this matter.
2. State the subject matter of each of the foregoing witness's testimony, identifying the element of the plaintiff's case the witness is being called to support."

6. On August 26, 2002 defendants' counsel telephoned plaintiff's counsel to schedule the deposition of Michale Heeney. Plaintiff's counsel has advised defendant's counsel that Michael Heeney is outside the United States and is not available for deposition.

7. Plaintiff has not objected to defendants' Request for Production of Documents, or to defendants' Interrogatories.

8. Plaintiff has not responded or otherwise answered or complied with defendants' discovery requests as set forth herein.

9. The Pretrial Scheduling Order requires all discovery be completed by October 31, 2002.

WHEREFORE, plaintiff moves your honorable court to order the defendants to produce

the documents requested by defendants, to answer the defendants' interrogatories, and to produce Michael Heeney for deposition.

                                        Charles J. King, Jr., Esquire
                                        Attorney for Defendants

## **CERTIFICATION**

I here with certify that movant has in good faith conferred or attempted to confer with the plaintiff in an effort to secure the disclosure, and the information and materials requested, without court action.

Date: October 29, 2002                            Charles J. King, Jr., Esquire
                                                                         Attorney for defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KING VISION PAY-PER-VIEW, LTD.** | **CIVIL ACTION** |
| **V.** | |
| **LUCKY 13 TAVERN, INC., d/b/a LUCKY 13 TAVERN AND CARMELLA KELLER, INDIVIDUALLY AND D/B/A LUCKY 13 TAVERN, INC.** | **NO.: 02-CV-2989** |

ORDER

AND NOW, this _____ day of _____, 2002, upon motion of defendants, the plaintiff is ordered:

1. To serve full and complete answers to defendants interrogatories;

2. To produce the documents requested by the defendants; and

3. To produce Michael Heeney for deposition at a time and place within this District and convenient to the parties.

Plaintiff shall comply with this Order within _____ days or suffer such sanctions as this Court shall deem appropriate.

BY THE COURT

_____
J.