CHARLES J. KING, JR., ESQUIRE
ATTORNEY I.D. #09438
P.O. Box 783
Plymouth Meeting, PA 19462-0783
(610) 825-0886                                             Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KING VISION PAY-PER-VIEW, LTD.**<br>501 FAIRWAY DRIVE<br>DEERFIELD BEACH, FL 33441 | CIVIL ACTION |
| V. | |
| **LUCKY 13 TAVERN, INC.,** d/b/a<br>**LUCKY 13 TAVERN**<br>1671 HAWORTH STREET<br>PHILADELPHIA, PA 19124<br>    **AND**<br>**CARMELLA KELLER, INDIVIDUALLY AND**<br>**D/B/A LUCKY 13 TAVERN, INC.**<br>1671 HAWORTH STREET<br>PHILADELPHIA, PA 19124 | NO.: 02-CV-2989 |

### DEFENDANTS' MOTION FOR SANCTIONS

1. On November 15, 2002 the Court ordered Plaintiff to produce all documents requested by Defendant and in the possession, custody or control of Plaintiff within five (5) days.

2. On November 26, 2002 Defendant took the deposition of Plaintiff's sole witness, Michael Heeney, who testified that he prepared a list of establishments he visited on November 17, 2001, and that he prepared notes and memoranda relating to his activities on November 17, 2001.

3. Michael Heeney testified on November 26, 2002 that he does not possess his notes, memoranda, and list because he delivered them to his employer, TEC, Inc.

4. Michael Heeney testified on November 26, 2002 that TEC, Inc. employed him to visit bars on November 17, 2001 for the purpose of witnessing whether the bars were

exhibiting Plaintiff's fight without being licensed to do so.  Plaintiff employed TEC, Inc.

5.  The list, notes and memoranda prepared by Michael Heeney are in the possession or control or custody of Plaintiff.

6.  Plaintiff has failed to produce the list of establishments visited on November 17, 2001, and the notes and memoranda relating to his activities on November 17, 2001 prepared by Michael Heeney.

7.  Defendant specifically requested the production of such documents in the Second Request for Production, and Your Honorable Court ordered Plaintiff to produce them in its Order of November 15, 2002.

8.  Defendant has been prejudiced in its preparation and defense against Plaintiff's claim.  Defendant was unable to effectively investigate the facts of Plaintiff's claim, was unable to effectively depose Michael Heeney, and is unable to effectively prepare for trial of this matter because it has no way to determine the activities of Michael Heeney at about the time he allegedly observed Defendants exhibiting Plaintiff's fight, although evidence of such is readily available to Plaintiff.

9.  Plaintiff is in contempt of the Order of November 15, 2002.

WHEREFORE, Defendants move Your Honorable Court to sanction Plaintiff by excluding the testimony of Michael Heeney from trial.

_____
Charles J. King, Jr.
Attorney for Defendants