IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KING VISION PAY-PER-VIEW, LTD.** | CIVIL ACTION |
| v. | |
| **LUCKY 13 TAVERN, INC., et al.** | NO.: 02-CV-2989 |

### DEFENDANTS' PRE-TRIAL MEMORANDA

1. <u>COUNTER-STATEMENT OF THE FACTS</u>:

Defendants have not seen Plaintiff's Pre-Trial Memoranda. Notwithstanding, Defendants assume Plaintiff has asserted that Defendants exhibited a closed-circuit telecast of a professional boxing match to patrons of Defendants' bar on the evening of November 17, 2001, without being licensed by Plaintiff to do so. Defendants have stipulated that Plaintiff had the exclusive license to exhibit the closed circuit telecast. Defendants deny that the fight was exhibited at their bar.

Lucky 13 Lounge, Inc. is a Pennsylvania corporation which holds the Liquor License for the establishment. Carmella Keller is the President of Lucky 13 Lounge, Inc. and she owns 49% of the issued and outstanding stock. The balance of the stock is owned by her husband, Richard Keller, who exercises effective control of the business. Richard Keller and Carmella Keller are in marital discord and have been separated since July, 2001.

Richard and Carmella Keller refused to exhibit pay-per-view telecasts in the bar and Richard Keller ordered the bartenders never to exhibit such telecasts. On November 17, 2001 Richard Keller was present at the bar from 7 p.m. to 9 p.m. He left

the bar in the charge of the bartender, Paul Camerote. Richard Keller assumes the bartender followed his instructions, and did not exhibit the fight. Neither Richard or Carmella Keller have any knowledge about the events of November 17, 2001 after 7 p.m. Paul Camerote is in the National Guard and has been called to active duty and is now stationed in Bosnia. He has not been available for interview or deposition. Defendants first became aware of Plaintiff's claim when they received a letter dated April 2, 2002 from Plaintiff's counsel. Defendants' counsel replied to the letter on April 17, 2002 and asked Plaintiff's counsel to disclose the basis for the claim. There was no response until this lawsuit was filed.

2. <u>DAMAGES</u>:

Defendants do not know if or how Plaintiff calculates damages. The bar receipts for November 17, 2001 were $101.68 and the food receipts were $45.67. These amounts are consistent with receipts on other days.

3. <u>WITNESSES:</u>

Liability and Damages:

    Richard Keller, 2113 E. Huntingdon Street, Philadelphia, PA 19125

    Carmella Keller, 1671 Haworth Street, Philadelphia, PA 19124

4. <u>EXHIBITS</u>:

D-1    Schedule of Cash Sales for November, 2001

D-2    Correspondence of April 17, 2002 from Defendants attorney requesting

information from Plaintiff's attorney

5. <u>ESTIMATED TRIAL DAYS</u>:

One trial day.

6. <u>SPECIAL COMMENTS AND LEGAL ISSUES</u>:

Defendants have filed a Motion for Sanctions for Plaintiff's refusal to disclose and provide documents in Plaintiff's possession and control.

Legal issue whether Carmella Keller should be dismissed as a defendant because she had no control over or personal involvement in the activities at the bar at the time of the alleged event.

Legal issue whether Plaintiff can claim costs and attorney fees after April 17, 2002.

                                          RESPECTFULLY SUBMITTED:

                                          _____
                                          Charles J. King, Jr.
                                          Attorney for Defendants